IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTWIONE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 25 C 3540 |
| | ) | |
| SERVICEMAC, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

In September 2024, Antwione Smith obtained a loan from Homebridge Financial Services, Inc. to finance a mortgage. ServiceMac, LLC serviced the loan on behalf of Lakeview Loan Servicing, LLC. In April 2025, Smith brought this lawsuit, alleging that ServiceMac violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d–1692g, and the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2. ServiceMac moved to dismiss, and Smith moved for leave to amend, a motion the Court granted. Smith filed an amended complaint, which ServiceMac has moved to dismiss, and he also filed a motion for a preliminary injunction. For the reasons stated below, the Court denies Smith's motion for a preliminary injunction and dismisses all of his claims for failure to state a claim.

### Background

Smith obtained a mortgage loan from Homebridge Financial Services in September 2024. During the closing process and again in October 2024, Smith was sent a notice stating that ServiceMac would service his loan. *See* Am. Compl., Ex. 4B.

ServiceMac began servicing the loan on November 1, 2024, the date Smith's first payment was due. *Id.*, Ex. 7.

According to correspondence from ServiceMac, Smith failed to make his first and second payments. Smith states that ServiceMac contacted him by phone and mail, informed him that his account was delinquent, and sought past due payments. When a ServiceMac representative informed Smith of possible foreclosure proceedings, Smith paid, but he alleges that ServiceMac continued to threaten foreclosure and prevented him from accessing its online portal. Smith says that ServiceMac gave inaccurate information to credit reporting agencies (CRAs), causing damage to his credit. He was then denied credit by another lender. Smith alleges that he attempted unsuccessfully to dispute the statements in his credit reports.

Smith has attached to his amended complaint numerous exhibits that partially document a series of debt validation requests he sent to ServiceMac. On November 8, 2024, Smith wrote ServiceMac to request a pause on collections until his debt was validated. *Id.*, Ex. 1. ServiceMac responded on November 19, but according to Smith, failed to include "[v]erification of the identity of the principal creditor or party to whom this debt is owed." *See id.*, Ex. 2. In the December 2024 letter, ServiceMac acknowledged that it had failed to pause collections while it was responding to Smith's debt validation request. *Id.*, Ex. 4C.[1]

In response to further inquiries from Smith, ServiceMac apparently attempted to validate Smith's debt on December 6, 2024, January 15, 2025, February 24, 2025, and March 20, 2025. *See id.*, Exs. 4B, 5, 7. In the March 2025 letter, ServiceMac stated:

---

[1] Exhibits 4B and 4C are different pages of ServiceMac's December 6, 2024 letter.

2

"We have determined that we have sufficiently addressed your inquiries on multiple occasions and have confirmed the validity of the loan and your obligation to repay it." *Id.*, Ex. 7. In response to a complaint Smith filed with the Consumer Financial Protection Bureau in March 2025, *id.*, Ex. 20, ServiceMac confirmed that it had repeatedly validated Smith's debt and that its responses were accurate. *Id.*, Ex. 14.

## Discussion

**A.    Motion to dismiss**

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), the plaintiff's complaint must contain factual allegations sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Put differently, the "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]'" *Hughes v. Nw. Univ.*, 63 F.4th 615, 628 (7th Cir. 2023) (quoting *Twombly*, 550 U.S. at 555). In ruling on a Rule 12(b)(6) motion, a court must accept all well-pleaded facts as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Emerson v. Dart*, 109 F.4th 936, 941 (7th Cir. 2024). The complaint of a pro se litigant like Smith is "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

3

1.   FDCPA

Smith invokes several provisions of the FDCPA: 15 U.S.C. §§ 1692e, 1692g(a), 1692d, and 1692f. Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. It lists certain conduct that violates this prohibition, including two provisions that Smith invokes: "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken" and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(5), (10). To violate this section, a misrepresentation must be material, that is, it must be misleading to an unsophisticated consumer. See Hahn v. Triumph P'ships LLC, 557 F.3d 755, 758 (7th Cir. 2009).

Smith states that ServiceMac violated section 1692e by "[m]isrepresenting its legal status," "[i]mplying foreclosure was imminent without proper legal action[,]" and "[p]resenting conflicting positions about being a 'debt collector.'" Am. Compl., Count 1. Smith's complaint provides almost no detail to suggest that ServiceMac took these actions or that the actions it took would mislead an unsophisticated consumer. The amended complaint contains no reference to any threats to take legally impermissible actions. The amended complaint does not provide facts to support the allegation that ServiceMac misrepresented its legal status and in fact suggests that ServiceMac openly stated that it was attempting to collect a debt. Id. ¶ 7. And it lacks a description of when or how ServiceMac "impl[ied] foreclosure was imminent[,]" a contention that is unsupported by the voluminous communication between Smith and ServiceMac that he

4

has attached to the complaint. *Id.*, Count 1. It is improper for a debt collector to "imply that certain outcomes might befall a delinquent debtor when, legally, those outcomes cannot come to pass[,]" *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012), but Smith states only that he was informed of potential foreclosure proceedings on a call and does not provide facts to allow the Court to infer that such proceedings would lack a legal basis or were threatened without any intent to initiate foreclosure. Although the Court views the factual allegations in the light most favorable to Smith, the complaint does not permit an inference that ServiceMac is liable under section 1692e.

      Next, Smith alleges a violation of 15 U.S.C. § 1692g(a), which provides that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," a debt collector shall "send the consumer a written notice" of the amount of the debt and the creditor's name. 15 U.S.C. § 1692g(a); *see also* 15 U.S.C. § 1692a(2) (defining "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium"). The notice must also include statements that the debt will be assumed valid if the consumer does not dispute it within thirty days; that if the consumer disputes the debt within thirty days, the debt collector will obtain verification of the debt or a judgment against the consumer and mail it to the consumer; and that "upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." 15 U.S.C. § 1692g(a)(3)–(5).

      After careful review of the brief complaint and its many exhibits, the Court cannot identify an "initial communication" triggering ServiceMac's obligation under section 1692g(a). The first communication between the parties appears to have been a

5

September 27, 2024 letter from ServiceMac to Smith regarding the transfer of his loan servicing. But Smith does not attach this letter, allege that it was an initial communication, or cite it in the section 1692g(a) claim in his amended complaint. Smith attaches many other letters from ServiceMac and call logs apparently documenting contact with ServiceMac, but he does not identify which call or letter from ServiceMac was the initial communication. Smith's section 1692g claim cites Exhibit 4, a letter from ServiceMac dated December 6, 2024, which likely is not the initial communication given that ServiceMac sent Smith transfer letters in September and October 2024 and additional correspondence by phone and mail occurred on November 8, 2024. The Court cannot make out when the initial communication occurred, so at this point it concludes that Smith has not stated a plausible claim. If Smith seeks to amend this claim and others, the Court encourages him to present his allegations concisely *in his complaint* rather than appending a stack of exhibits to a bare-bones complaint and leaving it to the Court to try to sort out.

Finally, Smith invokes 15 U.S.C. §§ 1692d and 1692f. Section 1692d states that a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Section 1692f provides that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Smith argues that ServiceMac violated both provisions by preventing him from accessing his ServiceMac account. That is a far cry from the illustrative list of examples of "harassment or abuse" enumerated in section 1692d, which includes threats of violence, obscene language, and public exposure of consumers to coerce debt

6

payment.  See 15 U.S.C. § 1692d; *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 774 (7th Cir. 2003) (affirming grant of summary judgment in favor of plaintiff on section 1692d claim where the collection company called her workplace and told a coworker to "stop being such a [expletive] bitch") .  Section 1692f is a broader, "catch-all" provision, but "unfair or unconscionable means" does not have "unlimited scope[.]" *Zablocki v. Merchants Credit Guide Co.*, 968 F.3d 620, 625 (7th Cir. 2020) (quoting 15 U.S.C. § 1692f).  It is not clear how Smith's inability to access his account, even if caused by ServiceMac, was an "unfair or unconscionable means to collect or attempt to collect any debt[,]" 15 U.S.C. § 1692f, seeing as how preventing him from accessing his account would seem to undermine ServiceMac's ability to collect rather than unfairly coerce Smith to pay.  An online account lockout neither harms the reputation of a consumer nor manipulates a consumer like the listed examples in section 1692f.  Smith has failed to allege a plausible claim under section 1692f.

    2.    FCRA

Smith also seeks relief under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(a) and (b).  Subsection (a) imposes upon furnishers of information a duty to provide accurate information to CRAs; subsection (b) imposes upon furnishers of information a duty to investigate upon notice of a dispute.

Section 1681s-2(a) "does not create a private right of action" and cannot be the basis for Smith's claim.  *See Purcell v. Bank of Am.*, 659 F.3d 622, 623 (7th Cir. 2011).  Smith also cites 15 U.S.C. § 1681s-2(b), which does afford a private right of action.  *See Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005).  To state a claim under section 1681s–2(b), a plaintiff must plausibly allege facts that, if proven, would

show that (1) he notified a CRA that it was reporting inaccurate information; (2) the CRA relayed the plaintiff's claim to the information furnisher; and (3) the furnisher failed to investigate and correct the allegedly inaccurate information in question. 15 U.S.C. § 1681s-2(b). ServiceMac argues that Smith has failed to allege the second element, that the CRA relayed his complaint to ServiceMac. "The majority of other judges in this district who have addressed this issue have required plaintiffs to allege that defendants received the requisite notice from credit reporting agencies in order to survive the motion to dismiss stage." *Neiman v. Chase Bank, USA, N.A.*, No. 13 C 8944, 2014 WL 3705345, at *7 (N.D. Ill. July 25, 2014) (collecting cases).[2] In the amended complaint, Smith alleges that, "[a]fter receiving notice of Plaintiff's dispute, ServiceMac failed to" take steps required by statute, but he does not allege that a CRA (as opposed to Smith) relayed information to ServiceMac. Smith also fails to identify any CRA in his complaint. *See Freeman v. Ocwen Loan Servicing, LLC*, 113 F.4th 701, 707 (7th Cir. 2024) (affirming dismissal of FCRA claim where plaintiff "only vaguely alleged that 'one or more' CRAs knew of her dispute"). The Court once again urges Smith to distill and include in the body of his complaint the information found in his exhibits, including what appears to be evidence of a complaint to Experian about a ServiceMac account, *see* Am. Compl., Exs. 21A-B.

---

[2] In a nonprecedential opinion, the Seventh Circuit held that a plaintiff need not allege notification from a CRA to an information furnisher as consumers are unlikely to know whether notification occurred. *See Lang v. TCF Nat. Bank*, 249 F. App'x 464, 466–67 (7th Cir. 2007). Many district courts have declined to follow *Lang* because the FCRA creates a mechanism for consumers to receive notice of "the procedure used to determine the accuracy and completeness of the information" and the "business name and address of any furnisher of information contacted in connection with such information[.]" 15 U.S.C. § 1681i(a)(6)(B)(iii).

2. **Preliminary injunction**

To obtain a preliminary injunction, the movant "must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Bevis v. City of Naperville*, 85 F.4th 1175, 1188 (7th Cir. 2023) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The party seeking an injunction "carries the burden of persuasion" on each of these points. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

Smith seeks a preliminary injunction barring ServiceMac from collection activity or credit reporting on his debt. At this point, however, Smith has not stated plausible claims for relief, let alone established a likelihood of success on the merits.[3] Smith has not shown that he is entitled to a preliminary injunction.

## Conclusion

For the reasons stated above, the Court grants ServiceMac's motion to dismiss [dkt. 29] and denies Smith's motion for a preliminary injunction [dkt. 24]. Smith's amended complaint is dismissed for failure to state a claim. Unless Smith files, by December 12, 2025, a motion for leave to amend that includes a proposed second amended complaint that states a viable claim, the Court will enter judgment dismissing

---

[3] Additionally, "[a]ll private actions under the Fair Debt Collection Practices Act are for damages" and it is likely that the FCRA does not provide for equitable relief, either. *Crawford v. Equifax Payment Servs., Inc.*, 201 F.3d 877, 882 (7th Cir. 2000); *Banno v. Experian Info. Sols., Inc.*, No. 15 C 8291, 2017 WL 3087726, at *5 (N.D. Ill. July 20, 2017) (collecting cases in this district holding that Congress did not permit equitable relief for private plaintiffs under the FCRA); *see also Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 268 (5th Cir. 2000) (holding that the Federal Trade Commission alone may obtain injunctive relief under the FCRA).

the case with prejudice. A telephonic status hearing is set for December 18, 2025 at 9:10 a.m., using call-in number 650-479-3207, access code 2305-916-8729.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: November 25, 2025