**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ANTWIONE SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 25 C 3540** |
| | ) | |
| **SERVICEMAC, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

In September 2024, Antwione Smith obtained a loan from Homebridge Financial Services, Inc. to finance a mortgage. ServiceMac, LLC has serviced the loan on behalf of Lakeview Loan Servicing, LLC since October 2024. In April 2025, Smith brought this lawsuit, alleging that ServiceMac violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692d–1692g, and the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s-2. ServiceMac moved to dismiss, and Smith moved for leave to amend, a motion the Court granted. Smith filed his first amended complaint in July 2025 and ServiceMac again moved to dismiss in November 2025. The Court granted ServiceMac's motion and informed Smith that unless he filed a motion for leave to amend that included a proposed second amended complaint that stated a viable claim, the Court would enter judgment dismissing his case with prejudice. Smith filed a motion to amend in December 2025, which the Court granted in January 2026. ServiceMac now moves for summary judgment on Smith's second amended complaint. For the reasons stated below, the Court grants ServiceMac's motion for summary judgment.

## Background

Smith's second amended complaint included two claims, one under the FDCPA and one under the FCRA. Second Am. Compl. at 1. Smith voluntarily withdrew his FDCPA claim in January 2026. *See* Pl.'s Mot. for Leave to File Third Am. Compl. at 2 ("Plaintiff simultaneously withdraws the FDCPA claim, narrowing this litigation to the FCRA claims Plaintiff believes can be proven at trial.").[1] Thus only Smith's FCRA claim remains live for purposes of this motion.

The following facts are undisputed unless otherwise noted. Smith obtained a loan from Homebridge Financial Services in September 2024 to purchase an investment property located at 3083 Saint Ives Lane, Richton Park, Illinois, 60471. Def.'s Stat. of Material Facts ¶¶ 6, 8; Pl.'s Resp. to Def.'s Stat. of Material Facts ¶¶ 6, 8. ServiceMac began servicing this loan on or about October 2, 2024. Def.'s Stat. of Material Facts ¶ 9; Pl.'s Resp. to Def.'s Stat. of Material Facts ¶ 9. Smith's first monthly payment on the loan was due on November 1, 2024. Def.'s Stat. of Material Facts ¶ 6; Pl.'s Resp. to Def.'s Stat. of Material Facts ¶ 6. Smith did not make any of his scheduled monthly loan payments until March 2025. *See* Pl.'s Resp. to Def.'s Stat. of Material Facts ¶ 23 ("Plaintiff admits that he did not remit the scheduled monthly installment payments on the Saint Ives Loan between November 1, 2024 and February 26, 2025."); Def.'s Stat. of Material Facts, Ex. G at 1 (showing that no funds were

---

[1] Smith did not condition the withdrawal of his FDCPA claim on the Court granting his motion to file a third amended complaint. Nonetheless he now contends that his waiver was not proper under Rule 41 because the Court denied his motion for leave to amend. He cites no authority in support of this argument, and it is plainly wrong under Rule 41, which provides that a plaintiff may dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(i). That is what Smith did here.

applied to the loan's principal balance before March 13, 2025).

On February 25, 2025, ServiceMac received an Automated Consumer Dispute Verification (ACDV) from Experian, a credit reporting agency (CRA), regarding Smith's loan. Def.'s Stat. of Material Facts ¶¶ 12–13; Pl.'s Resp. to Def.'s Stat. of Material Facts ¶¶ 12–13. On February 26, 2025, ServiceMac investigated the ACDV and confirmed the accuracy of the information it was reporting to Experian, including Smith's name, mailing address, social security number, loan number, Equal Credit Opportunity Act code, account status, account type, current balance, amount past due, high credit and original amount, scheduled monthly payment, account history, and the date the account was opened.[2] Def.'s Stat. of Material Facts ¶¶ 18–19. ServiceMac confirmed as part of its investigation that Smith had been delinquent on his loan since December 1, 2024. *Id.* ¶ 20. ServiceMac then reported this information to Experian. *Id.* ¶ 21. For reasons addressed below, Smith disputes the accuracy of the reported information, particularly the December 1, 2024 date of first delinquency. *See* Pl.'s Resp. to Def.'s Stat. of Material Facts ¶¶ 18, 20.

## Discussion

Summary judgment is appropriate if there is no genuine dispute regarding any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment bears

[2] Smith's mailing address was updated by ServiceMac during the investigation. Def.'s Stat. of Material Facts ¶ 19.

the burden of proving the absence of such a dispute. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A court ruling on a motion for summary judgment construes all facts and reasonable inferences the light most favorable to the nonmoving party, in this case Smith. *Chaib v. Geo Grp., Inc.*, 819 F.3d 337, 341 (7th Cir. 2016). Because Smith is a pro se plaintiff, the Court will construe his filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed." (internal quotation marks omitted)).

Section 1681s-2(b) of the FCRA establishes the duties of information furnishers, in this case ServiceMac, upon notice of a dispute with a CRA. After a CRA notifies an information furnisher of a dispute,

> the furnisher of information must: (1) conduct an investigation with respect to the disputed information; (2) review all relevant information provided to it by the consumer reporting agency; (3) report the results of the investigation to the agency; and (4) if the information is found to be inaccurate or incomplete, report the results to all consumer reporting agencies to which it originally provided the erroneous information.

*Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005). Section 1681s-2(b) has two threshold requirements: "a prima facie showing that the data furnisher provided incomplete or inaccurate information" and "the incompleteness or inaccuracy was the product of an unreasonable investigation[.]" *Frazier v. Dovenmuehle Mortg., Inc.*, 72 F.4th 769, 775 (7th Cir. 2023). If a plaintiff fails "to meet his threshold burden of offering sufficient evidence to show that a reasonable jury could find that his credit reports contained inaccurate information within the meaning of the FCRA, [the defendant] is entitled to summary judgment." *Gervacio v. LVNV Funding LLC*, No. 23 C 231, 2026 WL 734987, at *6 (N.D. Ill. Mar. 16, 2026) (citing *Frazier*, 72 F.4th at 775). Accordingly, if the Court determines that Smith has not offered evidence that would

permit a reasonable jury to find that ServiceMac provided inaccurate or incomplete information to Experian, it need not address whether ServiceMac's investigation into Smith's dispute was reasonable, whether ServiceMac acted willfully or negligently, or whether Smith suffered any damages. *See id.*

To establish inaccuracy or incompleteness, a plaintiff must show that "the information the data furnisher provided was (1) patently incorrect, or (2) materially misleading, including by omission." *Frazier*, 72 F.4th. at 775. "Materially misleading" means "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Id.* The completeness or accuracy of the disputed information under § 1681s-2(b) "is evaluated objectively based on the content of the furnisher's ACDV response." *Id.* at 777.

Smith has offered no evidence that ServiceMac provided inaccurate or incomplete information to Experian. Smith admits that his first loan payment was due on November 1, 2024 and that he did not make any loan payments until after ServiceMac's investigation on February 26, 2025. Pl.'s Resp. to Def.'s Stat. of Material Facts ¶¶ 3, 23. He nonetheless insists that a genuine factual dispute exists regarding the December 1, 2024 date of first delinquency that ServiceMac reported to Experian. *Id.* ¶ 20. In support of this position, Smith contends that he received incorrect wire transfer instructions from a ServiceMac representative during a phone call that took place on February 28, 2025 and that ServiceMac updated the account information for two of his loans (the one at issue in this case and another loan also serviced by ServiceMac) in response to two subsequent ACDV investigations that took place in December 2025. *Id.* Smith argues primarily that each contention shows that

ServiceMac's February 26, 2025 investigation was not reasonable. Because Smith is unrepresented, and because his inability to show a genuine dispute regarding the accuracy of ServiceMac's reporting would result in entry of summary judgment against him, the Court considers Smith's arguments under *Frazier*'s threshold test.

None of the evidence that Smith points to would permit a reasonable jury to find that the information ServiceMac furnished to Experian on February 26, 2025 was patently incorrect or materially misleading. According to his own declaration, Smith called a ServiceMac representative on February 28, 2025 for instructions on making a loan payment via wire transfer. Decl. of Antwione Smith ¶¶ 17–18. Smith contends that the instructions provided by the ServiceMac representative during the call were incorrect and that the incorrect instructions resulted in his loan payment being even further delayed until March 4, 2025. *Id.* ServiceMac's records reflect that funds were applied to Smith's loan account on March 13, 2025. Def.'s Stat. of Material Facts, Ex. G at 1. Exactly what transpired during the February 28 phone call is immaterial with regard to the accuracy of the information ServiceMac reported to Experian on February 26. *That* is the information that Smith must show a reasonable jury could find was false. *See Frazier*, 72 F.4th at 777 ("[C]ompleteness or accuracy is evaluated objectively based on the content of the furnisher's ACDV response [to the CRA]."). It is difficult to imagine how incorrect wire transfer instructions given to Smith on February 28 could render false the information ServiceMac had reported to Experian two days earlier, on February 26.

Similarly, no reasonable jury could find that the fact that ServiceMac updated Smith's account information in December 2025 tends to show that the information it

furnished to Experian in February 2025 was inaccurate. As previously noted, Smith has two loans serviced by ServiceMac, only one of which is at issue in this case. ServiceMac updated the account information for both of Smith's loans during separate ACDV investigations that occurred in December 2025. Pl.'s Stat. of Additional Material Facts ¶ 39; Def.'s Am. Resp. to Pl.'s Stat. of Additional Material Facts ¶ 39. During ServiceMac's February 26, 2025 investigation, ServiceMac noted in its ACDV response to Experian that Smith's account information was accurate and unchanged. *See* Pl.'s Stat. of Additional Material Facts ¶ 39; Def.'s Am. Resp. to Pl.'s Stat. of Additional Material Facts ¶ 39. In subsequent ACDV investigations, ServiceMac responded with a different response code indicating that Smith's account information had been updated or corrected.[3] *Id.* Smith contends that this reflects a genuine dispute regarding the accuracy of the information ServiceMac furnished to Experian during its February 26, 2025 investigation. Pl.'s Resp. to Def.'s Stat. of Material Facts ¶ 20. It does not. Smith began making payments on both of his loans in March 2025. *See* Decl. of Antwione Smith ¶¶ 17–19. One would reasonably expect that the account information for those loans would be updated to reflect those payments.

Smith's additional arguments do not enable him to avoid summary judgment. He argues that ServiceMac was required to investigate after receiving the ACDV from

---

[3] Plaintiff's exhibits of ServiceMac's subsequent ACDV investigation responses, including the response codes, are not legible. Moreover, ServiceMac admits only that "in subsequent dispute investigations, ServiceMac responded with a different response code," and does not expressly admit that the response code with which it responded indicated that Smith's account information had been updated or corrected. *See* Def.'s Resp. to Pl.'s Stat. of Additional Material Facts ¶ 39. Though the record is somewhat ambiguous on this point, the Court takes as true Smith's allegations in paragraph 39 of his statement of additional material facts for purposes of this motion.

Experian and that it was not permitted to screen his dispute. Pl.'s Resp. at 4–5. But there is no evidence in the record that ServiceMac screened the ACDV, and there is no genuine dispute that ServiceMac conducted an investigation after receiving the ACDV. *See* Decl. of Evan Carney, Def.'s Stat. of Material Facts, Ex. 1 ¶¶ 17–21. Smith would like to challenge the reasonableness of ServiceMac's investigation, but he does not and cannot seriously contend that ServiceMac did not investigate his dispute. Moreover, because Smith has offered no evidence that would permit a reasonable jury to find that ServiceMac furnished incorrect or materially misleading information to Experian, the reasonableness of ServiceMac's investigation is not at issue in this case. *See Gervacio*, 2026 WL 734987, at *6.

In his response to ServiceMac's motion, Smith attempts to add an additional claim by arguing that ServiceMac's failure to notate his account as disputed is an independent violation of the FCRA. Pl.'s Resp. at 7. Smith attempted to add this claim via his proposed third amended complaint, which the Court has already expressly rejected. Proposed Third Am. Compl., Pl.'s Mot. for Leave to File Third Am. Compl., Ex. A ¶¶ 30–33; Min. Entry Den. Pl.'s Mot. for Leave to File Third Am. Compl., Dkt. 56. He has offered no basis for the Court to change that ruling now.

**Conclusion**

For the reasons stated above, the Court grants ServiceMac's motion for summary judgment [dkt. 91]. The Clerk is directed to enter judgment in favor of defendant ServiceMac, LLC and against plaintiff Antwione Smith.

MATTHEW F. KENNELLY
United States District Judge

Date: October 13, 2026